IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**DAISY MAE HALL, GUARDIAN OF THE**
**PERSON, JIMMY HALL,**

**Plaintiff,**

vs.

**CARLISLE COMPANIES, INC. d/b/a**
**CARLISLE TIRE & WHEEL COMPANY and**
**WAL-MART COMPANY, INC.,**

**Defendants.**                                                                 **No. 05-CV-4093-DRH**

## MEMORANDUM AND ORDER

**HERNDON, District Judge:**

On February 3, 2005, Daisy Mae Hall, Guardian of the Person, Jimmy Hall, initiated this action in the Circuit Court of the Second Judicial Circuit, Gallatin County, Illinois, against Carlisle Companies, Inc. d/b/a Carlisle Tire & Wheel Company ("Carlisle") and Wal-Mart Stores, Inc. ("Wal-Mart") (incorrectly named in the Complaint as Wal-Mart Company, Inc.). (Doc. 2.) Plaintiff alleges that Jimmy Hall sustained personal injuries to his head, neck, shoulders and limbs as a result of a three wheeler accident allegedly caused by a defective tire designed and manufactured by Carlisle. (Doc. 2.) Count I of the Complaint is a product liability claim against Carlisle and Count II is a product liability claim against Wal-Mart. (Doc. 2.)

On May 12, 2005, Defendants removed the action based on the Court's diversity jurisdiction, **28 U.S.C. § 1332**. (Doc. 1.) On June 13, 2005, Wal-Mart filed a motion to dismiss pursuant to **735 ILCS 5/2-621** arguing that Plaintiff's claim against it should be dismissed because Wal-Mart is not the manufacturer of the allegedly defective product and Plaintiff has already brought suit against the tire manufacturer, Carlisle. (Doc. 11.) Wal-Mart

also tells the Court it "will file an affidavit attesting to the correct name of the manufacturer of the allegedly defective product." (Doc. 11.) Plaintiff opposes Wal-Mart's motion because "as of this date, the Defendant, Wal-Mart Company, Inc. has not filed an Affidavit certifying that Defendant, Carlisle Companies, Inc., d/b/a Carlisle Tire & Wheel Company is the correct manufacturer of the alleged defective product." (Doc. 12.)

Section 2-621 provides in part:

> In any product liability action based on any theory or doctrine commenced or maintained against a defendant or defendants other than the manufacturer, that party shall upon answering or otherwise pleading file an affidavit certifying the correct identity of the manufacturer of the product allegedly causing injury, death or damage. . . . Once the plaintiff has filed a complaint against the manufacturer or manufacturers, and the manufacturer or manufacturers have or are required to have answered or otherwise pleaded, the court shall order the dismissal of a product liability action based on any theory or doctrine against the certifying defendant or defendants, provided the certifying defendant or defendants are not within the categories set forth in subsection (c) of this Section.

**735 ILCS 5/2-621(a), (c)**. Here, although Wal-Mart has not filed an affidavit as promised, Plaintiff has already obtained service on the tire manufacturer, Carlisle, and Carlisle has answered. (Doc. 10.)

Accordingly, the Court **GRANTS** the Motion of Defendant Wal-Mart Stores, Inc. To Dismiss Plaintiff's Complaint (Doc. 11) and **DISMISSES** Defendant Wal-Mart Stores, Inc. (incorrectly named in the Complaint as Wal-Mart Company, Inc.) from the case.

**IT IS SO ORDERED.**

Signed this 5th day of August, 2005.

/s/   David RHerndon
**United States District Judge**